IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ZOSTAVAX (ZOSTER VACCINE | : | MDL NO. 2848 |
| LIVE) PRODUCTS LIABILITY | : | |
| LITIGATION | : | |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| CAROLYN ADAMS v. MERCK & CO., | : | CIVIL ACTION No. 20-5756 |
| INC. et al. | : | |
| _____ | : | _____ |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 446

Bartle, J.                                          August 11, 2022

        Before the court is the motion of defendants Merck &
Co., Inc. and Merck Sharp & Dohme Corp. (collectively "Merck")
to dismiss the complaint of plaintiff Carolyn Adams pursuant to
Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure
for failure to serve a plaintiff fact sheet ("PFS") on Merck as
required under the court's pretrial orders.[1]

        Adams's case is part of a multidistrict litigation
("MDL") regarding Zostavax, Merck's vaccine to prevent shingles.
The court has entered a number of orders to manage case-specific
discovery in this MDL.  A critical discovery mechanism in MDLs
such as this one is the PFS.  Requiring each plaintiff to serve

_____

1.   In Merck's present motion, it also sought dismissal of the
complaints of five other plaintiffs for their failures to
produce plaintiff fact sheets.  None of those five plaintiffs
filed any opposition to Merck's motion, so the court granted
Merck's motion to dismiss those cases as unopposed.  See
Pretrial Order No. 444.

on Merck an PFS "provide[s] counsel for both sides with the
basic information necessary to move th[e] consolidated
proceeding through the process and toward a resolution." In re
Allergan Biocell Textured Breast Implant Prod. Liab. Litig., MDL
No. 19-2921, 2022 WL 3211421, at *4 (D.N.J. Aug. 9, 2022).
Here, a plaintiff must serve on Merck a PFS and documentation
related to their injuries as well as an authorization for Merck
to access pertinent medical records. See Pretrial Order No. 46.
The plaintiff must supply this information within 45 days after
Merck files an answer or otherwise responds to the complaint.
See id.

        Plaintiff Carolyn Adams filed her complaint on
November 18, 2020.  Merck answered the complaint on January 4,
2021.  Under Pretrial Order No. 46, Adams was required to serve
on Merck her PFS and accompanying documents on or before
February 18, 2021.  She did not do so.  On May 31, 2022, Merck
filed a motion to compel Adams, among others, to produce a PFS.
The court granted Merck's motion and entered an order requiring
Adams to produce her PFS on or before June 16.  See Pretrial
Order No. 433.  This deadline, too, passed without Adams
complying with the court's order.  Merck then moved to dismiss
her complaint on June 30.  It was not until July 5 and 7,
approximately a year and a half after the PFS was originally
due, that Adams finally served her PFS together with certain

-2-

required documentation.  Adams's counsel has never provided any basis for the delay.

As mentioned above, Merck moves to dismiss Adams's case for failure to file timely a PFS pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure.  Rule 37(b)(2)(A)(v) authorizes a district court to sanction a party who disobeys a discovery order by dismissing an action in whole or in part.  Similarly, Rule 41(b) provides, "If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action."

In deciding whether dismissal for failure to comply with a court order is warranted, the court considers six factors outlined by our Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

> (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.

In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 687 F. App'x 210, 213 (3d Cir. 2017) (citing Poulis, 757 F.2d at 868-70).  There is no "magic formula" or "mechanical calculation" to determine whether an action should be dismissed under the Poulis factors.  In re Asbestos, 718 F.3d 236, 246 (3d

Cir. 2013).  "In fact, no single Poulis factor is dispositive"
and "not all of the Poulis factors need be satisfied in order to
dismiss a complaint."  Id.  "[T]he complexity of managing an MDL
necessitates . . . greater flexibility to dismiss a plaintiff
for a discovery violation."  In re Taxotere (Docetaxel) Prods.
Liab. Litig., 966 F.3d 351, 358 (5th Cir. 2020).  As such, the
court applies the Poulis factors with particular care for the
"purpose of centralizing actions in an MDL," which is the
"efficient preparation for trial."  In re Zostavax (Zoster
Vaccine Live) Prod. Liab. Litig., MDL No. 18-2848, 2020 WL
2771189, at *3 (E.D. Pa. May 28, 2020) (citing In re Asbestos,
718 F.3d at 248).

       First, the sole responsibility for Adams not timely
producing her PFS lies squarely with either her or her counsel.
McLaughlin v. Bayer Essure Inc., Civ. A. No. 16-2154, 2018 WL
10878125, at *3 n.5 (E.D. Pa. Feb. 7, 2018). Filling out the PFS
requires the disclosure of basic medical information that
"should be readily available" to a plaintiff.  In re Lipitor
(Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.,
MDL No. 14-2502, 2015 WL 12844447, at *2 (D.S.C. June 19, 2015).
As noted above, no justification has ever been advanced for the
delay.

       Second, the delay in serving Adams's PFS has
prejudiced Merck.  Without access to basic information about

Adams's claim, Merck is "unable to mount its defense because it ha[s] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1234 (9th Cir. 2009). For example, Merck cannot make bellwether selections without the ability to assess the strengths and weaknesses of individual cases. In re Allergan, 2022 WL 3211421, at *4. In addition, there is significant time pressure on Merck to investigate the claims of more than 2000 plaintiffs. For these reasons, "the danger of prejudice [is] substantial." In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007).

Third, a history of dilatoriness has been exhibited in failing to observe the court's deadlines for serving her PFS. As mentioned above, her PFS was originally due in February 2021, a year and a half ago. Her PFS was not served even after the court granted Merck's motion to compel her to do so by June 16, 2022. It was not until Merck then moved to dismiss that Adams or her counsel was spurred to comply with this basic discovery obligation. Such brazen delay undermines efforts to effect the expeditious and efficient functioning of this MDL.

Fourth, the court doubts the effectiveness of any sanction other than dismissal with prejudice. Ensuring obedience to discovery orders in an MDL is paramount. "Sound

-5-

management of the court's docket . . . counsels in favor of
sanctions as a deterrent to others, particularly in the context
of an MDL proceeding where there are thousands of plaintiffs and
tag-along cases are continually being added."  In re PPA, 460
F.3d at 1234.  Giving "preferential treatment" to a plaintiff
who defies discovery obligations may cause other plaintiffs to
"perceive an opportunity to flout the discovery schedule," too.
In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine)
Prod. Liab. Litig., 30 F. App'x 27, 30 (3d Cir. 2002); see also
In re PPA, 460 F.3d at 1233–34.  The court will not tacitly
condone discovery abuses by the glaring delay in serving the PFS
here.

     In sum, Adams, or her counsel, has repeatedly and
unjustifiably delayed serving Merck with critical information
about her claim in violation of this court's discovery orders.
Although dismissal with prejudice is an extreme remedy, the
court is convinced that it is "justly merited" here.  See Ware,
322 F.3d at 221–22.  Accordingly, Merck's motion to dismiss
Adams's complaint with prejudice will be granted.[2]

_____

2.   Merck also objects to "deficiencies" in Adams's PFS.  It
notes that her complaint and her PFS allege somewhat differing
injuries.  It also takes exception to the PFS's repeated use of
the response "I don't recall" as to various details.  The court
need not decide whether the content of Adams's PFS warrants
dismissal because dismissal is warranted based on the glaring
tardiness of the PFS.